**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TODD C. JACKSON, SR.,**

       **Petitioner,**

**v.**                                          **Case No. 4:13cv44-WS/CAS**

**UNITED STATES OF AMERICA,**

       **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about January 30, 2013, Petitioner Todd C. Jackson, Sr., proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  On June 7, 2013, Respondent filed an answer, with attachments.  Doc. 9.  Petitioner has not filed a reply, although given the opportunity to do so.  *See* Doc. 8.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and, accordingly, this action should be dismissed.

## Background and Procedural History

On June 8, 2009, in the United States District Court for the Southern District of Florida, case number 2:09cr14007-KMM, Petitioner Todd C. Jackson, Sr., entered a guilty plea on the charge of conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 846, in connection with events that occurred on or about May 26, 2009, in exchange for the U.S. Attorney moving to dismiss another count.  United States of America v. Todd Jackson, Sr., 2:09cr14007-KMM, Doc. 72.  On September 18, 2009, the court sentenced Jackson to 327 months in prison, followed by ten (10) years of supervised release.  Doc. 9 Exs. 1, 2.  Jackson did not appeal.

On April 20, 2010, Jackson filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255.  Doc. 9 Ex. 3.  In his § 2255 motion, Jackson alleged that his counsel was ineffective for failing to file a direct appeal.  *Id.*  In a report and recommendation following an evidentiary hearing, U.S. Magistrate Judge P.A. White found Jackson never timely instructed his attorney to file an appeal.  Doc. 9 Ex. 4; Todd Jackson, Sr. v. United States of America, 2:10cv14120-KMM, Doc. 23.  The court adopted the report and recommendation, and denied the § 2255 motion in a paperless order entered June 10, 2011.  Todd Jackson, Sr. v. United States of America, 2:10cv14120-KMM, Doc. 24.

On or about January 13, 2012, Jackson filed another § 2255 motion.  Doc. 9 Ex. 7; Todd Jackson, Sr. v. United States of America, 2:12cv14022-KMM, Doc. 1.  The

court denied this motion by order entered February 15, 2012.  *Id.* Doc. 6; see Doc. 9 Ex.

8.

On March 29, 2012, Jackson filed an application for leave to file a second or

successive § 2255 motion.  Doc. 9 Ex. 9.  The Eleventh Circuit Court of Appeals denied

this application on April 20, 2012.  *Id.* Ex. 10.

As indicated above, on or about January 30, 2013, Jackson, an inmate at the

Federal Correctional Institution in Marianna, Florida, submitted to this Court the instant

petition for writ of habeas corpus pursuant to § 2241.  Doc. 1.  In the petition, Jackson

raises seven grounds:

> (1) The United States District Court was without jurisdiction to impose the sentence pursuant to the Sentencing Reform Act of 1984.  Doc. 1 at 6 (ECF page number).
>
> (2) The United States government was without standing to indict or convict Petitioner.  *Id.* at 7.
>
> (3) Affirmative misadvise that constitutes ineffective assistance of counsel. *Id.* (appears to be the same allegation as Ground 4).
>
> (4) Ineffective assistance of counsel for failure to investigate and file appropriate suppression motion for wiretap conversations, as co-defendants did.  *Id.* at 8.
>
> (5) Ineffective assistance of counsel for failing to object to unconstitutional 851 enhancements which were allegations not proven with Shepard-approved documents.  *Id.* at 9.
>
> (6) Ineffective assistance of counsel for failure to file a motion to dismiss the indictment for lack of jurisdiction.  *Id.*
>
> (7) Ineffective assistance of counsel for failure to file a direct appeal as instructed.  *Id.*

Respondent filed an answer, with attachments.  Doc. 9.  Respondent asserts the petition should be dismissed for lack of jurisdiction because Jackson has not established that the savings clause allows him to proceed.  *Id.* at 4.  Respondent also asserts that Jackson's failure to raise his substantive challenges to his conviction and sentence on direct appeal bars him from raising them in this proceeding.  *Id.*

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  *See* United States v. Hayman, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford, 177 F.3d at 1239.

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348,

Case No. 4:13cv44-WS/CAS

1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990)

(explaining § 2255 is primary method of collateral attack on federally imposed

sentence).  Thus, § 2241 provides an avenue for challenges to matters such as the

administration of sentences or parole, prison disciplinary actions, prison transfers, and

certain types of detention.  *See* Antonelli, 542 F.3d at 1352 (petition challenging

decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas

v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is

properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th

Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits,

including calculation, awarding, and withholding, involves execution rather than

imposition of sentence, and thus is matter for habeas corpus).

A collateral attack on the validity of a federal conviction and sentence is properly

brought under 28 U.S.C. § 2255 in the district of conviction.  *See, e.g.*, Antonelli, 542

F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915

F.2d at 629.  The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge the legality of his
> conviction or sentence has two bites at the apple: one on direct appeal,
> and one via a § 2255 motion.  In the interests of finality, the law generally
> bars prisoners from filing second or successive § 2255 motions, except
> when "certified as provided in section 2244[(b)(3)(A)] by a panel of the
> appropriate court of appeals to contain" either "newly discovered
> evidence" of actual innocence or "a new rule of constitutional law, made
> retroactive to cases on collateral review by the Supreme Court, that was
> previously unavailable."  *See* 28 U.S.C. § 2255(h); Gilbert [v. United
> States], 640 F.3d [1293,] 1309 [(11th Cir. 2011 (en banc)].  This bar on
> second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th Cir. 2013). "A

petitioner who has filed and been denied a previous § 2255 motion may not circumvent

the successive motion restrictions simply by filing a petition under § 2241."  Darby v.

Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (citing Wofford, 177 F.3d at 1245);

*see, e.g.*, Antonelli, 542 F.3d at 1351.

> Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not
> be entertained if it appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, or that such court has denied
> him relief, *unless it also appears that the remedy by motion is inadequate
> or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with

added emphasis).  The italicized language, known as the "savings clause," allows

review of a claim barred as successive under § 2255, but only in limited circumstances:

> The savings clause of § 2255 applies to a claim when: 1) that claim is
> based upon a retroactively applicable Supreme Court decision; 2) the
> holding of that Supreme Court decision establishes the petitioner was
> convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed
> such a claim at the time it otherwise should have been raised in the
> petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.  Failure to meet a single prong means a petitioner's claim

fails.  *See* Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir.

2008).  "The applicability of the savings clause is a threshold jurisdictional issue, and

the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions."

Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing

Williams, 713 F.3d at 1337-38).  A petitioner has the burden of demonstrating entitlement to proceed under the savings clause.  *Id.*

In this case, Jackson's § 2241 petition challenges the validity of his conviction and sentence, not the execution thereof.  Such a challenge is properly brought pursuant to § 2255, not pursuant to § 2241.  *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer, 326 F.3d at 1365; Jordan, 915 F.2d at 629.

Further, Jackson's § 2241 petition is an attempt to circumvent the restrictions on successive § 2255 motions.  Jackson previously filed a § 2255 motion, which the district court denied.  Because Jackson has already filed a § 2255 motion, he cannot circumvent the statutory restriction on successive § 2255 motions by filing a § 2241 petition.  *See* Gilbert, 640 F.3d at 1308.  To proceed under § 2241, Jackson has to show that § 2255 is "inadequate or ineffective" to challenge the legality of his detention. 28 U.S.C. § 2255(e).

In particular, as Respondent points out, Jackson does not identify, or even attempt to explain, how he satisfies the Wofford test.  See Doc. 9 at 5; see Doc. 1. Indeed, Jackson does not identify any "retroactively applicable Supreme Court decision overturning circuit precedent," Wofford, 177 F.3d at 1245, or satisfy any subsequent test identified by the Eleventh Circuit, to open the § 2241 portal.  *See* Gilbert, 640 F.3d at 1319 (explaining that three-factor test in Wofford was "only dicta" and "[t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings"); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1334 (11th Cir. 2013) ("The upshot of Gilbert,

then, is that the last bastion in which a petitioner claiming an error in the application of

the sentencing guidelines can possibly seek refuge through § 2241 is when his claims

involve an intervening change in the law that renders erroneous the ACCA violent felony

enhancement used to enhance his sentence beyond the statutory maximum."); Williams

v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (explaining:

"Wofford's holding establishes two necessary conditions – although it does not go so far

as holding them to be sufficient – for a sentencing claim to pass muster under the

savings clause.  First, the claim must be based upon a retroactively applicable Supreme

Court decision.  The second, and equally essential, condition is that the Supreme Court

decision must have overturned a circuit court precedent that squarely resolved the claim

so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his

first § 2255 motion."); Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1274

(11th Cir. 2013) ("To show his prior § 2255 motion was 'inadequate or ineffective to test

the legality of his detention,' Bryant must establish that (1) throughout his sentencing,

direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had

specifically addressed Bryant's distinct prior state conviction that triggered § 924(e) and

had squarely foreclosed Bryant's § 924(e) claim that he was erroneously sentenced

above the 10-year statutory maximum penalty in § 924(a); (2) subsequent to his first

§ 2255 proceeding, the Supreme Court's decision in Begay [v. United States, 553 U.S.

137 (2008)], as extended by this Court to Bryant's distinct prior conviction, overturned

our Circuit precedent that had squarely foreclosed Bryant's § 924(e) claim; (3) the new

rule announced in Begay applies retroactively on collateral review; (4) as a result of

<u>Begay</u>'s new rule being retroactive, Bryant's current sentence exceeds the 10-year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-<u>Begay</u> error claim of illegal detention above the statutory maximum penalty in § 924(a).").  The only relatively recent U.S. Supreme Court decision Jackson refers to is <u>Shepard v. United States</u>, 544 U.S. 13 (2005), and that case was decided on March 7, 2005, over four years before Jackson entered his guilty plea in the underlying criminal case.  *See* Doc. 1.

Therefore, Jackson has failed to show the savings clause applies here because remedy by § 2255 was "inadequate or ineffective" to test the legality of his detention. Jackson previously filed a § 2255 motion and the Eleventh Circuit has denied him permission to file a successive motion.  *See* Doc. 9 Ex. 10.  This § 2241 petition should be dismissed for lack of jurisdiction.

### Conclusion

For the reasons set forth above, Jackson has not shown entitlement to proceed under 28 U.S.C. § 2241.  Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on September 3, 2015.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO PARTIES</u>

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:13cv44-WS/CAS